The Honorable Sam Pope Prosecuting Attorney Tenth Judicial District 403-C North Main Street P.O. Drawer 32 Hamburg, Arkansas 71646
Dear Mr. Pope:
This is in response to Chief Deputy Prosecuting Attorney Joe D. Wray's request for an opinion on the following questions:
 1. Does a coroner have the authority to prohibit the removal of a gun shot victim from a crime scene by emergency personnel after the coroner has determined that the victim has expired?
 2. What is the authority of the coroner at the crime scene?
In response to your first question, assuming that there is no issue regarding the fact of death, i.e., everyone agrees that death has occurred, it is my opinion that the answer is "yes." Consent for removal of the body must be obtained from the coroner in that instance. See A.C.A. 20-18-604(c) (Repl. 1991) (stating that "a body may be moved from the place of death" with the consent of the physician or state medical examiner or county coroner) and 14-15-303 (Cum. Supp. 1993) (regarding the coroner's responsibility to "release the body for final disposition.")
It should be noted, however, in responding to this question, that the coroner's responsibilities are apparently triggered by the occurrence of a death and are not related to actually determining that a death has occurred. See A.C.A. 20-18-601
and -604 (Repl. 1991) (regarding death certificates and disposition of the dead), 27-53-204 (Repl. 1994) (reporting deaths resulting from motor vehicle accidents), and 14-15-301
through -303 (Cum. Supp. 1993) (coroner's powers and duties in connection with investigations). This was the conclusion reached in Attorney General Opinion 91-263. The question addressed in that opinion was who, as between a deputy coroner and emergency medical personnel, has the final say regarding the continuation of medical treatment at a scene. The opinion states:
 This determination may depend upon the particular facts. It appears, however, that the question of continued treatment would most likely arise when death or stabilization was in issue. In either instance, it seems that emergency medical personnel would be better qualified to make the determination than the coroner, who has not necessarily undergone any medical training. [Citing A.C.A. 20-17-101(b), which requires that a determination of death shall be made "in accordance with accepted medical standards."]
Op. Att'y Gen. 91-263 at 2.
The opinion goes on to note that the coroner's statutory responsibilities do not appear to include determining that a death has occurred. Id. The opinion concludes:
 [I]t is my opinion that while cooperation between [the coroner and emergency medical personnel] would be preferred, if a disagreement about whether or not to continue emergency medical treatment at a scene cannot be resolved, the coroner should yield to the decision of emergency medical personnel on this issue.
Id. at 2-3.
Thus, with regard to your first question, because there appears to be no authority for the coroner to make a determination of death (as distinguished from determining the cause and manner of death), it is my opinion that his authority would likely yield to emergency personnel where death was in question, that is, where there was an issue concerning the need for continued treatment. It is my opinion that the coroner in all likelihood lacks the authority in that instance to prevent removal of the victim from the scene.
In response to your second question regarding the coroner's authority at the crime scene, reference should be made to A.C.A. 14-15-301 to -303 (Cum. Supp. 1993). Section14-15-302(b)(1) states that "[c]oroners shall be given access to all death scenes in order to perform the duties set forth in this subchapter." These duties include conducting an investigation concerning the circumstances surrounding the death (14-15-301), assisting law enforcement agencies or the State Crime Lab (14-15-302(a)), taking toxicological samples if deemed qualified (14-15-302(c)), and releasing the body for final disposition in accordance with 14-15-303.
The foregoing opinion, which I hereby approve, was prepared by Assistant Attorney General Elisabeth A. Walker.
Sincerely, WINSTON BRYANT Attorney General
WB:cyh
cc: The Honorable Joe D. Wray Chief Deputy Prosecuting Attorney